IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00822 LEK |
| | ) | CV. NO. 12-00567 LEK-KSC |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FREDERICK SCOTT ROSWELL, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| _____ | ) | |

**ORDER DENYING AMENDED MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON
IN FEDERAL CUSTODY AND DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is pro se Defendant/Petitioner Frederick Scott Roswell's ("Roswell") Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed on December 5, 2012.[1] [Dkt. no. 44.[2]] Plaintiff/Respondent the United States of America ("the Government") filed its memorandum in opposition on March 12, 2013. [Dkt. no. 55.] Roswell did not file a reply. After careful consideration of the § 2255 Motion, supporting and opposing memoranda, and the relevant legal authority, Roswell's § 2255 Motion is HEREBY DENIED, and a

---

[1] Roswell filed his original motion on October 22, 2012, and this Court ordered him to amend the motion.

[2] The § 2255 Motion is filed both in United States v. Roswell, CR 10-00822 LEK, and Roswell v. United States, CV 12-00567 LEK-KSC. All citations related to the § 2255 Motion refer to the filings in CR 10-00822.

certificate of appealability is also DENIED, for the reasons set forth below.

## BACKGROUND

On November 17, 2010, a grand jury indicted Roswell in a thirteen-count indictment for various fraud offenses involving the misappropriation of money belonging to his employers. Assistant Federal Public Defender Salina Kanai Althof represented Roswell in the proceedings following the indictment.  Roswell ultimately pled guilty to Counts 2, 8, and 11 pursuant to a plea agreement.[3]  [Minutes, filed 4/7/11 (dkt. no. 18).]  This Court sentenced Roswell to concurrent terms of imprisonment of 120 months as to each of Counts 2 and 8 and 175 months as to Count 11.  This Court also sentenced him to concurrent terms of supervised release of three years as to each of Counts 2 and 8 and five years as to Count 11.  [Minutes, filed 10/11/11 (dkt. no. 29).]  Judgment was entered on October 17, 2011, and an Amended Judgment was entered on October 18, 2011.  [Dkt. nos. 30, 34.]

In his § 2255 Motion, Roswell asserts the following grounds: his counsel was ineffective because she advised him to enter into the plea agreement based on a promise that Roswell

---

[3] Count 2 was interstate transportation of stolen property, in violation of 18 U.S.C. § 2314; Count 8 was access device fraud, in violation of 18 U.S.C. § 1029(a)(2); and Count 11 was mail fraud, in violation of 18 U.S.C. § 1341.

would receive a term of imprisonment of seven years (eighty-four months) or less ("Ground One"); this Court erroneously considered "conduct that does not pertain to this case" as part of "Relevant Conduct" ("Ground Two"); [§ 2255 Motion at 6;[4]] this Court should have granted him a downward departure for his severe medical issues pursuant to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 5K.2 ("Ground Three"); and this Court improperly enhanced his sentence based on facts that were not proven and which a jury should have found ("Ground Four").

      The Government responds that there is no evidence to support Roswell's claim that Ms. Althof promised him he would receive a term of imprisonment of eighty-four months or less.[5] Ms. Althof also explained to Roswell that the Court would make an independent calculation of the Guidelines range, and that the Court could sentence him up to the statutory maximum. In the plea agreement and during the change of plea colloquy, Roswell acknowledged that there were no promises or guarantees as to the Guidelines provisions, and that the ultimate sentence could be higher than he expected. Thus, the Government argues that Roswell knowingly and voluntarily entered his guilty plea with

---

[4] The Court notes that the form page marked "Page 6" is actually the fifth page in the § 2255 Motion because the form page marked "Page 2" is not included in Roswell's § 2255 Motion.

[5] On March 5, 2013, this Court filed its Order Granting Government's Motion Seeking Order Finding Waiver of Attorney-Client Privilege. [Dkt. no. 54.]

3

the knowledge that there was no guarantee about the sentence he would receive.  Further, the Government contends that Roswell has failed to prove that Ms. Althof provided ineffective assistance which resulted in prejudice to him.

The Government also argues that Roswell has not proven that he would have gone to trial if he had not been promised a sentence of eighty-four months' imprisonment or less.  The Government emphasizes that, after Roswell changed his plea, the Presentence Investigation Report ("PSR") found that the amount of loss was higher than the parties anticipated in the plea agreement, and the PSR ultimately calculated Roswell's Guidelines sentencing range at 140-175 months' imprisonment.  The Government stated that it would not oppose a motion to withdraw Roswell's guilty plea but, after consulting with Ms. Althof, Roswell decided to abide by the plea agreement.  Even assuming, *arguendo*, that Ms. Althof "promised" Roswell a sentence of eighty-four months' imprisonment or less, Roswell cannot prove that the purported promise prejudiced him.

As to Roswell's Ground Two and Four arguments that this Court improperly considered relevant conduct and made sentencing findings of fact that a jury should have made, the Government argues that there was no violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  The Government emphasizes that this Court sentenced Roswell within the Guidelines range and that U.S.S.G.

4

§ 2B1.1 actually requires the court to make findings about the amount of loss.  The Government argues that the Ninth Circuit has recognized that such judicial fact-finding does not violate a defendant's Sixth Amendment right to a jury trial.

As to Roswell's Ground Three argument, the Government argues that defense counsel raised the issue of whether Roswell's mental health issues warranted a downward departure, and this Court considered and rejected the argument.  Roswell has not raised a constitutional challenge as to this issue.

The Government therefore argues that the record conclusively shows that Roswell cannot establish either constitutionally ineffective assistance of counsel or that his sentence was imposed in violation of the law.  The Government therefore urges this Court to deny Roswell's § 2255 Motion without an evidentiary hearing.

## **STANDARD**

This district court has recently stated the standard of review for a § 2255 motion as follows:

> Title 28 U.S.C. § 2255(a) provides:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the

> sentence to vacate, set aside or correct the sentence.
>
> A court may deny a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. 4(b) Governing Section 2255 Proceedings. A court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. See Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). A petitioner must allege specific facts that, if true, would entitle him or her to relief. See United States v. Rodriques, 347 F.3d 818, 824 (9th Cir. 2003) (citing United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996)).

Claxton v. United States, Civ. No. 12-00433 JMS-KSC, 2013 WL 1136704, at *4 (D. Hawai`i Mar. 18, 2013).

## DISCUSSION

### I.  Procedural Bar & Waiver

At the outset, this Court notes that Roswell did not file a direct appeal from his judgment of conviction. [§ 2255 Motion at 3.] This district court has stated:

> Absent a showing of cause and prejudice, a federal habeas petitioner procedurally defaults on all claims that were not raised on direct appeal, other than claims asserting that the petitioner was deprived of effective assistance of counsel. See Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614,

> 621–22 (1998); United States v. Frady, 456 U.S. 152, 167–68 (1982). The Supreme Court has explained:
>
> > [T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.
>
> Frady, 456 U.S. at 167–68.
>
> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." Coleman v. Thompson, 501 U.S. 722, 753 (1991). Examples of external factors that constitute cause include "interference by officials," or "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Murray v. Carrier, 477 U.S. 478, 488 (1986). To show "actual prejudice," a § 2255 petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

Gaitan-Ayala v. United States, Civ. No. 12-00002 JMS-BMK, 2013 WL 958361, at *4 (D. Hawai`i Mar. 12, 2013). Ineffective assistance of counsel claims, however, are not subject to the procedural bar rule. Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal").

This Court also notes that Roswell's plea agreement acknowledges that he had the right to appeal his sentence but that:

> Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.
>
>     a.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section, except that defendant [sic] may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.
>
>     b.   If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.
>
>     . . . .

[Mem. of Plea Agreement, filed 4/7/11 (dkt. no. 19), at ¶ 13.] Thus, Roswell did not waive his right to bring Ground One, and he alleges that the plea agreement is invalid because he would not have entered into the plea agreement but for counsel's ineffective assistance.  This Court therefore turns to the merits of Ground One.

8

## II.  <u>Ground One - Ineffective Assistance of Counsel</u>

In Ground One, Roswell alleges that his counsel provided ineffective assistance because she promised him that, if he pled guilty, he would receive a sentence of less than eighty-four months' imprisonment.  Roswell asserts that he pled guilty based on this promise.  This district court has stated:

> To prevail on an ineffective assistance claim, a § 2255 movant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88 (1984).
>
> Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  <u>Id.</u> at 690; see <u>Hughes v. Borg</u>, 898 F.2d 695, 702 (9th Cir. 1990).  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  <u>Strickland</u>, 466 U.S. at 690–91.
>
> Even upon showing that counsel's performance is deficient, the petitioner must also show that the deficiency was prejudicial to the petitioner's defense.  <u>Id.</u> at 692.  Stated differently, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 694.  A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.  <u>See id.</u> at 697.  In other words,

>      any deficiency that does not result in prejudice
>      necessarily fails.

<u>Gaitan-Ayala</u>, 2013 WL 958361, at *8-9.

      Roswell has not identified any evidence to support his claim that his counsel, Ms. Althof, promised him that he would receive a sentence of less than eighty-four months' imprisonment. The Government submitted a declaration by Ms. Althof in which she states, *inter alia*, that she did not promise Roswell a sentence of eighty-four months' imprisonment. [Mem. in Opp., Decl. of Salina Kanai Althof ("Althof Decl.") at ¶ 3.] She also states that, when she discussed the possibility of entering into a plea agreement, she advised Roswell that she estimated his Guidelines sentencing range to be 100-125 months or 120-150 months, depending upon the amount of loss. She explained that this was only an estimation and the Court would ultimately decide what the applicable range was, as well as his criminal history score. She also advised him that there could be an upward variance in light of his criminal history. [<u>Id.</u> at ¶ 6.] Ms. Althof sent Roswell a letter, which included her notes, memorializing the conversation that they had, including her estimation of his possible sentence. [Althof Decl., Exh. 1.]

      Further, Roswell's plea agreement expressly noted the following maximum terms of imprisonment: Count 2 - ten years (120 months); Count 8 - ten years (120 months); and Count 11 - thirty years (360 months). [Mem. of Plea Agreement at ¶ 7.] The plea

agreement also acknowledges that the Court was not bound by the agreement, and that the Court would determine the facts relevant to sentencing with the aid of the PSR.  [Id. at ¶ 11.]  Roswell acknowledged that he "understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source."  [Id. at ¶ 14.]  Roswell also acknowledged that "no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty."  [Id. at ¶ 18.]

Roswell repeated many of these acknowledgments at the April 7, 2011 change of plea hearing  [4/7/11 Hrg. Trans., filed 11/6/12 (dkt. no. 40),⁶ at 9-10 (maximum penalties for each count); id. at 13 (sentence could be different from any that he discussed with his counsel); id. at 14 (sentence could be higher than he expected).]  Roswell also stated that he was fully satisfied with the legal representation that Ms. Althof and her office provided.  [4/7/11 Hrg. Trans. at 5.]

---

⁶ The Government attached a copy of the 4/7/11 Hearing Transcript to its memorandum in opposition as Exhibit A.

The PSR ultimately found that Roswell's Guideline sentencing range was 140-175 months, which was higher than anticipated in the plea agreement because of the final determination of the amount of loss and the application of an enhancement for the use of sophisticated means.  Ms. Althof obtained a continuance of the sentencing hearing so that she could review the PSR with Roswell.  In light of the higher loss amount, the Government informed Ms. Althof that it would not oppose a motion to withdraw Roswell's guilty plea.  Ms. Althof discussed the matter with Roswell, but he ultimately decided not to withdraw his plea.  [Althof Decl. at ¶¶ 9-12.]  Further, in a September 22, 2011 letter that Ms. Althof sent Roswell to respond to concerns he raised, Ms. Althof reminded him that the Court was not bound by the plea agreement and that there was no guarantee as to any Guidelines provision.  [Id., Exh. 2 at 1.]  Finally, at the sentencing hearing, the Court reminded Roswell of the maximum penalties for each count.  [10/11/11 Sentencing Trans., filed 10/19/11 (dkt. no. 35),[7] at 5.]

Having considered all of the relevant portions of the record, this Court FINDS that the record conclusively shows that Roswell's counsel did not promise him that he would receive a sentence of eighty-four months' imprisonment or less if he pled

---

[7] The Government attached a copy of the 10/11/11 Sentencing Transcript to its memorandum in opposition as Exhibit B.

12

guilty.  Further, the record conclusively shows that Roswell understood that there were no promises as to his sentence and that this Court would independently determine his Guidelines sentencing range with the assistance of the PSR.  Thus, Roswell has failed to prove that his counsel's representation fell below an objective standard of reasonableness.  This Court CONCLUDES that Roswell is not entitled to an evidentiary hearing as to Ground One, and this Court also CONCLUDES that it plainly appears from the § 2255 Motion, and the record in this case, that Roswell is not entitled to relief on Ground One.

Roswell's § 2255 Motion is therefore DENIED as to Ground One.

### III. Remaining Grounds

Other than the Ground One assertion of ineffective assistance of counsel, Roswell has not identified any other reasons for his failure to raise Grounds Two to Four in a direct appeal.  Roswell therefore has not established any cause for his failure to raise these issues on appeal, and therefore he is procedurally barred from challenging these claims through § 2255.  See Frady, 456 U.S. at 167–68.

In addition, Roswell was sentenced to 120 months' imprisonment for Count 2 and Count 8, and 175 months' imprisonment for Count 11.  These terms were within Roswell's Guidelines sentencing range for each count.  Thus, Roswell's plea

agreement waived his § 2255 challenges in Grounds Two, Three, and Four.

Even if procedural bar and waiver did not apply, this Court would conclude that Grounds Two, Three, and Four all fail on the merits.  Ground Two alleges that this Court improperly considered relevant conduct, and Ground Four alleges that this Court improperly made findings of fact regarding the amount of loss.  These claims fail because the Guidelines "give[] the sentencing judge discretion to sentence outside the guideline range, but still allows the sentencing judge (as distinct from a jury) to make the findings of fact necessary to determine the guideline range in the first place."  See United States v. Dupas, 417 F.3d 1064, 1067 (9th Cir. 2005); see also United States v. Buckland, 289 F.3d 558, 570 (9th Cir. 2002) (en banc) ("Apprendi does not alter the authority of the judge to sentence within the statutory range provided by Congress." (emphasis in original)).

Ground Three alleges that Roswell should have received a downward departure because of his mental health issues.  This claim fails because Ms. Althof argued that Roswell's mental health issues warranted a downward departure, and this Court considered and rejected that argument.  [10/11/11 Sentencing Trans. at 31-32 (defense counsel's argument); id. at 37 (stating, before announcing sentence, that the Court took Roswell's mental health history into account).]

This Court CONCLUDES that Roswell is not entitled to an evidentiary hearing because the record conclusively shows that Roswell is not entitled to relief on Ground Two, Ground Three, or Ground Four.

Roswell's § 2255 Motion is therefore DENIED as to Ground Two, Ground Three, and Ground Four.

## IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In light of the denial of all of the claims in Roswell's § 2255 Motion, this Court must address whether to grant Roswell a certificate of appealability ("COA").

This district court has recognized that:

> A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
>
> "The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by* Swarthout v. Cooke, 131 S. Ct. 859 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity but something less than a merits determination." Id. (internal quotation marks omitted).

15

Claxton, 2013 WL 1136704, at *11.

This Court has carefully reviewed Roswell's § 2255 Motion and liberally construed the allegations therein. Roswell, however, did not point to any evidence supporting his ineffective assistance claim, and he did not respond to the Government's submissions. There is no evidence that Roswell's counsel promised him that he would be sentenced to eighty-four months' imprisonment or less if he pled guilty, nor is there any evidence that counsel's representation was deficient, or that any deficiency was prejudicial. Further, in light of the failure of Roswell's ineffective assistance claim, all of Roswell's remaining claims are both waived by the plea agreement and procedurally barred by his failure to bring those claims in a direct appeal. As to the four grounds in Roswell's § 2255 Motion, reasonable jurists could not find this Court's rulings to be debatable. Accordingly, this Court DENIES issuance of a COA.

## CONCLUSION

On the basis of the foregoing, Roswell's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 5, 2012, is HEREBY DENIED. Further, this Court also DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, MAY 31, 2013.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. FREDERICK SCOTT ROSWELL; CIVIL NO. 12-00567 LEK-KSC; ORDER DENYING AMENDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING CERTIFICATE OF APPEALABILITY**